**WAGNER, ANDERSON & BRIGHT, PC**
Patrick F. Bright (SBN 68709)
3541 Ocean View Boulevard
Glendale, California  91208
Tel.:   (818) 249-9300
Fax:   (818) 249-9335
E-mail:  pbright@patentattorney.us

Attorney for Plaintiff and Counter-defendant
ARROWHEAD MEDIA HOLDINGS, LLC

**GREENBERG TRAURIG LLP**
JEFFREY K. JOYNER (SBN 180485)
Email: joynerj@gtlaw.com
JEFFREY F. YEE (SBN 193123)
Email: yeej@gtlaw.com
1840 Century Park East,
Suite 1900
Los Angeles, California
90067
Tel: (310) 586-7700
Fax: (310) 586-7800

ERIKSON C. SQUIER (SBN 275274)
Email: squiere@gtlaw.com
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Tel: (949) 732-6500
Fax: (949) 732-6501

Attorneys for Defendant and Counterclaimant,
FOTOKEM INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ARROWHEAD MEDIA HOLDINGS, LLC, | Case No.  2:13-cv-04377-R-VBKx |
| | **STIPULATED PROTECTIVE ORDER** |
| Plaintiff and Counter-defendant, | |
| vs. | Judge:  Hon. Manuel L. Real |
| | Magistrate: Hon. Victor B. Kenton |
| FOTOKEM INDUSTRIES, INC., | |
| Defendant and Counterclaimant. | |

1

2   On consideration of the Stipulation for Protection of Confidential

3   Information jointly submitted by Plaintiff and Counter-defendant Arrowhead Media

4   Holdings, LLC, and Defendant and Counterclaimant FotoKem Industries, Inc., for

5   the reasons set forth therein, and it appearing to the Court that such a Protective

6   Order is necessary and appropriate and will facilitate discovery,

7   **IT IS THEREFORE ORDERED THAT:**

8   **<u>Stipulated Protective Order</u>**

9   The production of documents and other disclosure of information in this

10  litigation shall be subject to the requirements and obligations set forth herein and in

11  accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

12  **<u>DEFINITIONS</u>**

13  1.      "Party" shall mean:  any party to this action, including all of its

14  officers, directors, employees, consultants, retained experts, and outside counsel

15  (and their support staff).

16  2.      "Disclosure or Discovery Material" shall mean:  all items or

17  information, regardless of the medium or manner generated, stored, or maintained

18  (including, among other things, testimony, transcripts, and tangible things), that are

19  produced or generated in disclosures or responses to discovery in this matter.

20  3.      "CONFIDENTIAL" shall mean:  any Producing Party's confidential

21  and nonpublic information, the disclosure of which the Producing Party reasonably

22  contends in good faith could cause harm to the business operations of the Producing

23  Party, or provide improper advantage to others, and that is not otherwise marked or

24  designated by the Producing Party as "HIGHLY CONFIDENTIAL –

25  ATTORNEYS' EYES ONLY."

26  4.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall

27  mean:  any Producing Party's highly confidential and proprietary business,

28  commercial, competitive, strategic, financial, marketing, sales, customer, and/or

technical information, the disclosure of which the Producing Party reasonably

contends in good faith would cause serious and/or irreparable harm to the business operations of the Producing Party and/or the non-party, and/or provide improper advantage to others.

5.      "Receiving Party" shall mean:  a Party that receives Disclosure or Discovery Material from a Producing Party.

6.      "Producing Party" shall mean:  a Party or non-party that produces Disclosure or Discovery Material in this action.

7.      "Designating Party" shall mean:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8.      "Protected Material" shall mean:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.      "Outside Counsel" shall mean:  attorneys and their support staff who are not employees of a Party but who are retained to represent or advise a Party in this action.

10.     "In-House Counsel" shall mean:  attorneys and their support staff who are employees of a Party.

11.     "Counsel" (without qualifier) shall mean:  Outside Counsel and In-House Counsel as well as their respective support staff.

12.     "Expert" shall mean:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation. Pursuant to Section 6 below, an Expert must become a "Qualified Expert" in order to view or access material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13.    "Professional Vendor" shall mean:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.    **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.  This Order does not address protection for disclosure of computer source code.  To the extent disclosure of computer source code becomes necessary in this case, the conditions and protections governing such disclosure of computer source code shall be governed by a separate agreement or order.

2.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

3.    **DESIGNATING PROTECTED MATERIAL**

3.1    Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.  Designation in conformity with this Order requires the following:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains Protected Material.  If only a portion or portions of the material qualifies for protection, the Producing Party

also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced, provided that during the course of any such inspection the documents or materials made available for inspection shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.  After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

       (b)    For testimony given during a deposition or other pretrial or trial proceeding, each Party and/or each Party's Counsel present during the giving of such testimony may identify testimony that it seeks to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  Once identified as such, this material shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" and immediately treated as such under the provisions of this Protective Order.  Each Party additionally may have up to 30 days after receipt of the formal transcript of the given testimony to identify any material that it seeks to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  The Party seeking such protection shall so notify the other Party in

writing and identify the portions of the testimony for which protection is sought. Once identified, both Parties shall treat such material in accordance with the provisions in this Protective Order.

(c)     For information produced in nondocumentary form, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.2     Inadvertent Failures to Designate

If the Designating Party, within a reasonable time after producing documents to the Receiving Party, discovers an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party will not be deemed to have waived its right to secure protection under this Order for such material.  The Designating Party shall, within a reasonable time, identify in writing to the Receiving Party such materials or items the Designating Party seeks to designate with the corrected level of protection indicated for those materials or items.  Upon receipt of such written notification, the Receiving Party shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  To the extent the Protected Material subject to a corrected designation was previously disclosed by the Receiving Party to any person or persons to whom disclosure of materials subject to the original designation was authorized under this Order but to whom disclosure of materials subject to the corrected designation is not authorized under this Order, the Receiving Party shall not be liable for violation of this Order because of such previous disclosure provided that it (a) uses its best

efforts to retrieve all copies of the Protected Material subject to the corrected designation, (b) informs the person or persons to whom disclosures were made of all the terms of this Order, and (c) requests such person or persons to execute the Agreement to Be Bound.

**4. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4.1 Timing of Challenges

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to pursue a challenge promptly after the original designation is disclosed.

4.2 Meet and Confer

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. This conferring may be done by telephone. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

4.3 Challenging a Designation

If the parties are unable to agree as to whether the designation of discovery material is appropriate, the party or parties receiving the Protected Materials wishing to contest the designation may file a motion with the Court with regard to any Protected Materials in dispute pursuant to L.R. 37. All Protected Materials are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is

STIPULATED PROTECTIVE ORDER

made by the Court as to whether all or a portion of the Protected Material is entitled to confidential treatment.

**5.     ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1     Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 of this Protective Order, "Final Disposition."  The restrictions set forth in this Order shall not apply to information that is publicly known, including becoming part of the public record of this litigation through trial or otherwise, or is independently known to the Receiving Party without any violation of this Order by the Receiving Party, or is obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5.2     Disclosure of "CONFIDENTIAL" Information

Unless otherwise ordered by the Court upon good cause shown or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel in this action and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees, including In-House Counsel, of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (1) to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound

attached as Exhibit A ("Agreement to Be Bound"), and (2) who have become a Qualified Expert pursuant to the procedures set forth in Section 6;

(d)     the Court and its personnel;

(e)     court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound; and

(g)     the author of the designated document or the original source of the information, any person to whom such "CONFIDENTIAL" information was previously communicated, or any person to whom disclosure was in fact made during the regular course of business.

5.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

Unless otherwise ordered by the Court upon good cause shown, or permitted in writing by the Designating Party, a Receiving Party may only disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

(a)     the Receiving Party's Counsel in this action and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Court and its personnel;

(c)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(d)     the author of the designated document or the original source of the information, any person to whom such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information was previously communicated, or any

person to whom disclosure would have been made during the regular course of business.

**6.      QUALIFICATION OF EXPERTS**

6.1      Procedure and Requirements for Qualification

Unless otherwise ordered by the Court or agreed in writing by the Designating Party, an Expert must become authorized to view any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (i.e., a "Qualified Expert"). To become a Qualified Expert, the Party retaining the Expert (the "Retaining Party") must provide to any other Party (1) the full name of the Expert and the city and state of his or her primary residence, (2) a copy of the Expert's current curriculum vitae, (3) the name and number of the case, filing date, and court of any litigation(s) in which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years, and (4) a signed copy of the Agreement to be Bound.  An Expert whose identity is disclosed pursuant to this Section 6.1 cannot be deposed regarding any subject related to this litigation unless the Expert has been designated as a testifying Expert by the retaining party in accordance with Federal Rule of Civil Procedure 26(a)(2).

6.2      Objections to Qualification

A Party (the "Objecting Party") that receives a request to qualify an Expert pursuant to Section 6.1 shall have five (5) court days from receipt of all information required in Section 6.1 to object in writing to an Expert becoming a Qualified Expert under Section 6.1.  Any such objection must set forth in detail the grounds on which it is based.  After the expiration of the 5-day period, if no objection has been asserted, the Expert will become a Qualified Expert.

6.3      Procedure for Responding to Objections for Qualification

If an objection is timely asserted, the Retaining Party must meet and confer with the Objecting Party to attempt to resolve the matter by agreement.  If no

agreement is reached, the Retaining Party may file a motion pursuant to L.R. 37 seeking permission from the Court to qualify the Expert under Section 6.1.  The Objecting Party shall have the burden of showing why the Protected Material should not be disclosed to the identified Expert.  If the Retaining Party makes such a motion and the motion is granted by the Court, the Objecting Party shall reimburse the Retaining Party for all reasonable costs and fees associated with the motion.  If the Retaining Party makes such a motion and it is denied by the Court, the Retaining Party shall reimburse the Objecting Party for all reasonable costs and fees associated with the motion.

## 7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that seeks disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing upon learning that the subpoena or order seeks disclosure of such information or items.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material.

8.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Agreement to Be Bound.

9.     **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

10.    **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that confirms all Protected Material was  returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the

STIPULATED PROTECTIVE ORDER

Protected Material or any information copied or extracted therefrom. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 2 of this Protective Order, "Duration."

**11.** **MISCELLANEOUS**

11.1 Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

11.3 Assertions of Privilege

No privilege log under Federal Rule of Civil Procedure 26(b)(5)(A) is required for privileged communications created on or after the date this case was filed, June 18, 2013, between the Parties and their respective Counsel regarding this case or the issues raised in this case or for trial-preparation materials regarding this case created on or after the date this case was filed, June 18, 2013.

**12.** **ELECTRONICALLY STORED INFORMATION**

This Section 12 supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.  This Section 12 may be modified for good cause.

General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause.

### 12.1   General ESI

General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not automatically include email or other forms of electronic correspondence (collectively "email").  However, to the extent a Party may rely on email in support of its claims or defenses, that Party must produce such email if it is responsive to a proper request under Federal Rule of Civil Procedure 34.

### 12.2   Email

To obtain email, a requesting Party must propound specific email production requests.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.  Email production requests shall be phased to occur after the Parties have exchanged initial disclosures and basic documentation about the Patent-in-Suit, the prior art, the accused instrumentalities, and the relevant finances.  Email production requests shall identify the custodian, search terms, and time frame.  The Parties shall cooperate in good faith to identify the proper custodians, proper search terms and proper timeframe.

#### 12.2.1      Custodians

Each requesting Party shall limit its email production requests to no more than a total of three custodians per Producing Party for all such requests.  The Parties may jointly agree to modify this limit without the Court's leave.  The Court may consider contested requests for up to five additional custodians per Producing Party, upon showing a distinct need based on the size, complexity, and issues of this specific case in accordance with L.R. 37.  Should a Party serve email production requests for additional custodians beyond the limits agreed to by the Parties or granted by the Court pursuant to this Section 12.2.1, such requests shall be void.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 12.2.2        Search Terms

Each requesting Party shall limit its email production requests to a total of five search terms per custodian per Party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court may consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case in accordance with L.R. 37.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  Should a Party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this section 12.2.2, such requests shall be void.

### 12.3        Privilege

The Receiving Party shall not use any ESI that the Producing Party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.  The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 13.    PROSECUTION BAR

Absent written consent from the Producing Party, any attorney of Receiving Party's Outside Counsel who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of a Producing Party shall not be involved on behalf of the Receiving Party in the prosecution of patents or patent applications relating to motion picture post-production techniques or technology, including without limitation the Patent-in-Suit and any patent or application naming one or more inventors of the Patent-in-Suit or claiming priority to or otherwise related to the Patent-in-Suit, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this Section, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or other type of post-grant review).  This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first reviewed by the affected individual and shall end one (1) year after final termination of this action, including all appeals.

Dated:  October  7 , 2013        */s/  Patrick F. Bright*_____
                                 Patrick F. Bright
                                 Attorneys for Plaintiff and Counter-defendant
                                 Arrowhead Media Holdings, LLC


Dated:  October   7, 2013        */s/ Jeffrey K. Joyner*_____
                                 Jeffrey K. Joyner
                                 Attorney for Defendant and Counterclaimant
                                 FotoKem Industries, Inc.

1

2

3     **IT IS SO ORDERED.**

4     Dated:  <u>October 8, 2013</u>

5                                                **HON. MANUEL L. REAL**

6                                                **UNITED STATES DISTRICT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28